PER CURIAM.
Appellee corporation brought this action on July 30,1973 to recover a refund of 1970 and 1971 license taxes paid under protest. The taxes were payable pursuant to an ordinance of appellant city which, in 1972, was declared unconstitutional by the supreme court in City of Tampa v. Birdsong Motors, Inc.,[1] to which appellee corporation was not a party.
The trial court rejected appellants’ contention that Birdsong, supra, by its own terms, was prospective in effect only and he entered final summary judgment in favor of appellee. We think he erred.
The language in Birdsong is clear and unmistakable. The court expressly held:[2]
“This decision is prospective only, is not retroactive and affords no remedy for taxes previously paid by persons not making a judicial attack on the ordinance.”
That the court is empowered to make a decision prospective in effect only cannot be denied.[3] It did so here; and appellee’s argument, agreed to by the trial court, that the aforequoted language was intended only to cut out those taxpayers who do not by a judicial proceeding seek a refund within the statute of limitations is untenable. That result would necessarily follow if the court said nothing about prospectivity. Obviously, we can’t ascribe a useless purpose to the court’s expression. Appellee’s action is barred.
In view whereof, the final summary judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for the entry of a final judgment in favor of appellants.
McNULTY, C. J., GRIMES, J., and SCHWARTZ, ALAN R., Associate Judge, concur.

. (Fla. 1972), 261 So.2d 1.

. Id. at p. 7.

. See The Deltona Corporation v. Bailey (Fla.1976), 336 So.2d 1163.